*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    520111
_____

In the Matter of the Claim of
    ANDREW SCALO,
                    Respondent,

        v                                      MEMORANDUM AND ORDER

C.D. PERRY & SONS, INC., et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  June 4, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

_____

        William O'Brien, State Insurance Fund, Albany (Edward
Obertubbesing of counsel), for appellants.

        James Trauring & Associates, Schenectady (James A. Trauring
of counsel), for Andrew Scalo, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

_____

Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed February 10, 2014, which denied the request of the employer
and its workers' compensation carrier for reconsideration and/or
full Board review.

    Claimant filed a claim for workers' compensation benefits
after he injured his back while working for the employer.  The
employer controverted the claim, arguing that the injury was not
work-related or, in the alternative, that the injury is subject
to apportionment.  Following a hearing, a Workers' Compensation
Law Judge established the claim and awarded benefits without
apportionment, and the Workers' Compensation Board affirmed.  The
employer and its workers' compensation carrier (hereinafter
collectively referred to as the employer) applied for
reconsideration and/or full Board review.  The application was
denied, but we reversed on the ground that such applications must
be considered by a panel of at least three members of the Board
(112 AD3d 1077 [2013]).  Upon remittal, a three-person panel of
the Board denied the application, and the employer appeals.

    We affirm.  Inasmuch as only the Board's decision denying
reconsideration and/or full Board review is being appealed, the
merits of the underlying decision are not before us and our
review is limited to whether the denial was arbitrary and
capricious or otherwise constituted an abuse of discretion (see
Matter of Mazzaferro v Fast Track Structures, Inc., 106 AD3d 1302
[2013]; Matter of Capalbo v Stone & Webster Constr. Servs., 91
AD3d 1263, 1263-1264 [2012]).  The employer challenges the
Board's denial on the ground that the Board did not consider
certain evidence.  This evidence, however, was not timely
produced before the Workers' Compensation Law Judge and, even
assuming that the Board did not consider it, we cannot say that
such would constitute an abuse of discretion (see generally
Matter of Cross v G.A. Hall, Inc., 24 AD3d 903, 904-905 [2005]).
Nor was this newly discovered evidence that was unavailable at
the time of the hearings (see Matter of McCorkle-Spaulding v
Lowe's, 95 AD3d 1513, 1514 [2012]; Matter of Green v Kimber Mfg.,
Inc., 59 AD3d 782, 783 [2009], lv dismissed 12 NY3d 865 [2009]).
Inasmuch as "the employer failed to demonstrate the existence of
any newly discovered evidence, a material change in condition or
that the Board improperly failed to consider the issues before
it," we cannot say that the Board abused its discretion or acted
in an arbitrary and capricious manner in denying the employer's
application for reconsideration and/or full Board review (Matter
of Barone v Interstate Maintenance Corp., 73 AD3d 1302, 1303
[2010]; see Matter of Regan v City of Hornell Police Dept., 124

AD3d 994, 997 [2015]). The employer's remaining claims, to the extent they are properly before us, have been considered and found to be without merit.

      Garry, J.P., Devine and Clark, JJ., concur.

      ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court