*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    520147
_____

In the Matter of the Claim of
    HASSAN ALAMIN,
                    Appellant,

        v

DOWN TOWN TAXI, INC., et al.,              MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Hassan Alamin, New York City, appellant pro se.

        Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe
of counsel), for Down Town Taxi, Inc. and another, respondents.

_____

Lahtinen, J.P.

        Appeals (1) from a decision of a Workers' Compensation Law
Judge, filed January 11, 2013, which, among other things, awarded
claimant certain workers' compensation benefits from February 11,
2008 to October 26, 2009, (2) from a decision of the Workers'
Compensation Board, filed January 3, 2014, which, among other
things, ruled that claimant had no further causally related
disability after November 20, 2008, and (3) from a decision of
said Board, filed March 28, 2014, which denied claimant's request
for reconsideration and/or full Board review.

        Claimant, a taxi driver, sustained injuries to his neck and

back in a February 2008 motor vehicle accident that occurred during the course of his employment with Down Town Taxi, Inc. His claim for workers' compensation benefits was established in October 2008. In a January 11, 2013 reserved decision, a Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant benefits at a weekly rate of $166.67 from February 11, 2008 to November 20, 2008 and, finding that claimant had a further causally related moderate disability subsequent to November 20, 2008, awarded claimant benefits at a weekly rate of $100 from that date to October 26, 2009, the date on which the WCLJ found that claimant first refused to attend an independent medical examination. Upon review, the Workers' Compensation Board, in a decision filed January 3, 2014, rescinded awards after November 20, 2008, finding that claimant had no further causally related disability as of that date. Claimant acknowledged receipt of such decision on January 10, 2014, and his subsequent request for reconsideration and/or full Board review was denied on March 28, 2014. By notice of appeal dated March 31, 2014, claimant appeals from the WCLJ's January 2013 decision and the Board's decisions filed in January 2014 and March 2014.

Claimant's appeal from the WCLJ's January 2013 decision is dismissed inasmuch as an appeal from a WCLJ decision must be taken to the Board, and "no direct appeal to this Court lies from a decision of a WCLJ" (Matter of Quagliata v Starbucks Coffee, 82 AD3d 1321, 1322 n [2011], lv denied 17 NY3d 703 [2011]; see Workers' Compensation Law § 23; Matter of Romano v New York City Dept. of Corrections, 305 AD2d 872, 873 [2003], appeal dismissed 1 NY3d 544 [2003]). The appeal from the Board's January 2014 decision must also be dismissed because the notice of appeal was not filed within 30 days of claimant's receipt of such decision (see Workers' Compensation Law § 23), and "a request for full Board review does not toll the statutory time period within which to file an appeal, and an appeal from a denial of a request for reconsideration does not bring up for review the merits of the underlying decision" (Matter of Dukes v Capitol Formation, 213 AD2d 756, 756-757 [1995] [internal quotation marks and citations omitted], lv dismissed 86 NY2d 810 [1995], appeal dismissed 87 NY2d 891 [1995]; see Matter of Shell v Poughkeepsie Hous. Auth., 276 AD2d 843, 845 [2000], lv dismissed 96 NY2d 731 [2001]).

Accordingly, the only timely appeal properly before us is from the Board's March 2014 decision denying reconsideration and/or full Board review, and, as such, "our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Woods v New York State Thruway Auth., 93 AD3d 1050, 1051 [2012], lv dismissed 19 NY3d 1086 [2012]). Claimant failed to set forth relevant newly discovered evidence, demonstrate a pertinent material change in condition or show that the Board improperly failed to consider the germane issues and evidence before it. We are thus unpersuaded that the Board abused its discretion or acted arbitrarily in denying claimant's application for reconsideration and/or full Board review (see e.g. Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 997 [2015]). The remaining issues are academic or without merit.

Egan Jr., Lynch, Devine and Mulvey, JJ., concur.

ORDERED that the appeals from the decisions filed January 11, 2013 and January 3, 2014 are dismissed, without costs.

ORDERED that the decision filed March 28, 2014 is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court