*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 17, 2016          521778
_____

In the Matter of the Claim of
    JOEL AMAKER,
                       Appellant,

        v

CITY OF NEW YORK DEPARTMENT OF          MEMORANDUM AND ORDER
    TRANSPORTATION,
                       Respondent.

WORKERS' COMPENSATION BOARD,
                       Respondent.
_____

Calendar Date:   October 18, 2016

Before:   Peters, P.J., Garry, Devine, Clark and Aarons, JJ.

_____

        Joel Amaker, New York City, appellant pro se.

        Zachary W. Carter, Corporation Counsel, New York City (Paul
M. Zaragoza of counsel), for City of New York Department of
Transportation, respondent.

_____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board,
filed September 2, 2015, which denied claimant's request for
reconsideration and/or full Board review.

        In 1992, claimant, a traffic enforcement officer, sustained
work-related injuries to his leg and shoulder as a result of a
motor vehicle accident and was awarded workers' compensation
benefits.  Claimant was subsequently classified with a permanent
partial disability and continued to receive benefits through

March 2002.  Thereafter, a Workers' Compensation Law Judge found that claimant was in violation of Workers' Compensation Law § 114-a for continuing to receive workers' compensation benefits after returning to work in 2000, and claimant was consequently disqualified from receiving further wage replacement benefits. Upon administrative review, the Workers' Compensation Board, in a unanimous panel decision, denied claimant's application for review as untimely filed.  Claimant did not appeal from that decision but subsequently applied for reconsideration and/or full Board review.  The Board denied the application, and claimant now appeals.

We affirm.  As an initial matter, we note that, "[i]nasmuch as claimant has appealed from only the decision denying [his] application for reconsideration and/or full Board review, the merits of the underlying decision are not properly before us" (Matter of Woods v New York State Thruway Auth., 93 AD3d 1050, 1051 [2012] [internal quotation marks and citations omitted], lv dismissed 19 NY3d 1086 [2012]; see Matter of Alamin v Down Town Taxi, Inc., 141 AD3d 975, 976 [2016]).  In order to obtain review or reconsideration, claimant must demonstrate that "newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 796 [2009], appeal dismissed 13 NY3d 899 [2009]; see Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 997 [2015]).  In addition, "our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Alamin v Down Town Taxi, Inc., 141 AD3d at 976 [internal quotation marks and citations omitted]; accord Matter of Kaja v Siller Bros., Inc., 74 AD3d 1511, 1512 [2010]; Matter of Marks v Evergreen Country Club, 27 AD3d 914, 915 [2006]).

Here, inasmuch as claimant dedicates his argument to the characterization and treatment of his hearing testimony by the Workers' Compensation Law Judge and the inferences drawn therefrom, he has failed to address in support of his application for full Board review any newly discovered evidence or allege a material change in condition that is germane to the Board's

finding that his application for review was untimely.  Moreover, upon reviewing the record before us, we are unpersuaded that the Board failed to consider the evidence and issues properly before it, and we therefore conclude that the Board's denial of claimant's application for full Board review and/or reconsideration was neither arbitrary and capricious nor an abuse of discretion (see Matter of Alamin v Down Town Taxi, Inc., 141 AD3d at 976; Matter of Riescher v Central Hudson Gas Elec., 132 AD3d 1052, 1053 [2015]).

Peters, P.J., Garry, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court