Matter of Duncan v Crucible Metals (2018 NY Slip Op 06847)





Matter of Duncan v Crucible Metals


2018 NY Slip Op 06847


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

526150

[*1]In the Matter of the Claim of LINDA DUNCAN, as Widow of WILLIAM DUNCAN, Deceased, Claimant,
v
CRUCIBLE METALS, Respondent, and NEW HAMPSHIRE INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Williams & Williams, Buffalo (Jared L. Garlipp of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed June 14, 2017, which denied the request of the workers' compensation carrier for reconsideration and/or full Board review.
Claimant applied for workers' compensation death benefits after her husband (hereinafter decedent), who was employed by Crucible Metals, died of lung cancer allegedly caused by his long-term occupational exposure to asbestos and other dusts. Multiple workers' compensation carriers, including New Hampshire Insurance Company, were placed on notice as potentially liable for the claim. New Hampshire Insurance, which provided coverage for Crucible Industries, LLC, failed to appear at any of the hearings. By decision filed November 18, 2015, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for workers' compensation death benefits and found New Hampshire Insurance to be the liable workers' compensation carrier. Subsequently, the WCLJ, in a decision filed February 11, 2016, assessed a penalty against New Hampshire Insurance for nonpayment of the awarded workers' compensation death benefits to claimant. On March 8, 2016, New Hampshire Insurance filed an application for review of both the November 18, 2015 decision regarding its liability — asserting that it never provided coverage for decedent's employer — and the February 11, 2016 decision imposing a penalty — explaining that, although it received notice of the hearings, its failure to [*2]appear was the product of inadvertent errors and mistakes. In addition, New Hampshire Insurance submitted documentation that it provided coverage only to Crucible Industries, Inc., which was neither the same company nor a successor in interest to Crucible Metals, and contending that, therefore, it had been improperly deemed the liable workers' compensation carrier. Finding, among other things, that New Hampshire Insurance was exclusively challenging the underlying November 18, 2015 decision imposing liability, the Workers' Compensation Board deemed an appeal therefrom as untimely and denied the application for review. The Board, in a decision filed June 14, 2017, denied the subsequent application by New Hampshire Insurance for reconsideration and/or full Board review. New Hampshire Insurance appeals from the Board's June 14, 2017 decision.
We affirm. Inasmuch as New Hampshire Insurance has appealed from only the decision denying its application for reconsideration and/or full Board review, neither the merits of the WCLJ's underlying decisions nor the Board's November 18, 2015 decision are properly before us (see Matter of Von Maack v Wyckoff Hgts. Med. Ctr., 143 AD3d 1019, 1020 [2016], lv dismissed 29 NY3d 965 [2017], cert denied US , 138 S Ct 993 [2018]). Our inquiry is thus limited to whether the Board's denial of New Hampshire Insurance's application for reconsideration and/or full Board review was arbitrary and capricious or otherwise constituted an abuse of discretion (see Matter of Seck v Quick Trak, 158 AD3d 919, 921 [2018]; Matter of Alamin v Down Town Taxi, Inc., 141 AD3d 975, 976 [2016], appeal dismissed 28 NY3d 1153 [2017]). "In order to obtain review or reconsideration, [the party seeking such] must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016] [internal quotation marks and citations omitted]; see Matter of Castillo v Brown, 151 AD3d 1310, 1311 [2017]).
There is no indication that the Board failed to consider the evidence when determining the timeliness of New Hampshire Insurance's application for review of the underlying merits of the November 18, 2015 decision. The Board noted that New Hampshire Insurance acknowledged its failure to defend the claim despite receiving proper notice and offered no excuse for the delay in filing the application for review. Given that the Board considered the relevant information regarding the timeliness of the application, and given that the Board has broad discretion in determining whether to accept or reject an untimely application for review, we will not disturb the Board's decision to deny New Hampshire Insurance's application for reconsideration and/or full Board review (see Matter of Wilkinson v Bendix Friction Corp., 32 AD3d 636, 637 [2006]). Contrary to New Hampshire Insurance's contention, whether the Board has previously accepted untimely applications for review of liability decisions does not render the rejection of the instant application arbitrary or capricious.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.