Matter of Washington v Human Tech. (2019 NY Slip Op 01865)





Matter of Washington v Human Tech.


2019 NY Slip Op 01865


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526054

[*1]In the Matter of the Claim of MICHAEL WASHINGTON, Appellant,
v
HUMAN TECHNOLOGIES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


Michael Washington, Ballston Spa, appellant pro se.
William O'Brien, State Insurance Fund, Albany (Edward Obertubbesing of counsel), for Human Technologies and another, respondents.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 10, 2017, which ruled that claimant's injury did not arise out of and in the course of his employment and disallowed his claim for workers' compensation benefits, and (2) from a decision of said Board, filed November 15, 2017, which denied claimant's request for reconsideration and/or full Board review.
On May 19, 2016, claimant, a maintenance worker, was terminated from his employment for falsifying a doctor's note that purportedly excused his absence from work on May 17, 2016. On August 10, 2016, claimant filed an unsigned and undated C-3 form with the Workers' Compensation Board alleging that he sustained work-related injuries on May 8, 2016 while carrying a floor buffer machine from the second floor to the third floor of the building in which he worked. In this same form, claimant reported that he provided notice of the injuries that he sustained, both orally and in writing, to the employer on May 9, 2016. Claimant thereafter filed a second C-3 form, dated September 6, 2016, wherein he changed his initial report to reflect that he had been injured while carrying the subject floor buffer machine from the second floor to the first floor,[FN1] but maintained that he had provided oral and written notice of his injuries to the employer the very next day. The employer and its workers' compensation carrier controverted the claim, contending, among other things, that claimant did not work on the day of the alleged accident and that he did not provide timely notice of the accident to his former employer. On or about September 28, 2016, claimant filed a third C-3 form for workers' [*2]compensation benefits, alleging the same work-related injury but contending that he had only provided the employer with oral notice of his injury. Following hearings, a Workers' Compensation Law Judge disallowed the claim "due to a lack of any credible evidence that the accident occurred and very credible evidence that . . . claimant's history as to the occurrence of the accident is incredible." On administrative review, the Board agreed and, in an August 2017 unanimous panel decision, affirmed. Claimant's subsequent application for reconsideration and/or full Board review was denied in a November 2017 decision. Claimant appeals both decisions.
We agree with the employer and its carrier that because claimant failed to timely perfect his September 5, 2017 appeal from the underlying August 2017 decision, that appeal is deemed abandoned (see 22 NYCRR former 800.12). As such, the merits of that decision are not properly before us (see Matter of McCorkle-Spaulding v Lowe's, 95 AD3d 1513, 1514 [2012]; Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 795-796 [2009], appeal dismissed 13 NY3d 899 [2009]; see also JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [2017]), and our inquiry is limited to whether the Board abused its discretion or acted in an arbitrary or capricious manner in denying claimant's application for reconsideration and/or full Board review (see Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016]; Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 997 [2015]).
To obtain the relief he seeks, "claimant must demonstrate that 'newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination'" (Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d at 1343, quoting Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d at 796; see Matter of Brasher v Sam Dell's Dodge Corp., 159 AD3d 1234, 1235 [2018], appeal dismissed 32 NY3d 1012 [2018]). In this regard, claimant has failed to proffer any new evidence that was unavailable at the time of the hearings, allege a material change in condition or demonstrate that the Board improperly failed to consider the evidence that was before it (see Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d at 1343; Matter of Regan v City of Hornell Police Dept., 124 AD3d at 997; Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d at 796-797). Accordingly, his application was properly denied. To the extent that claimant's remaining contentions have not been addressed herein, we have considered them and found them to be without merit.
Lynch, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the appeal from the decision filed August 10, 2017 is dismissed, as abandoned.
ORDERED that the decision filed November 15, 2017 is affirmed, without costs.



Footnotes

Footnote 1: The record reflects that the building in which claimant alleges to have been injured contains only two floors.