Matter of Singletary v Schiavone Constr. Co. (2019 NY Slip Op 05819)





Matter of Singletary v Schiavone Constr. Co.


2019 NY Slip Op 05819


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527373

[*1]In the Matter of the Claim of CARL SINGLETARY, Appellant,
v
SCHIAVONE CONSTRUCTION COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


The Perecman Firm, PLLC, New York City (Edward W. Guldi of counsel), for appellant.
Jones Jones LLC, New York City (David S. Secemski of counsel), for Schiavone Construction Company, respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed January 23, 2018, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a carpenter, has a previously established claim for injuries to his right shoulder and back, a consequential psychological disorder and a head contusion, all due to a work-related accident in June 2015. Claimant received weekly awards until December 14, 2016, when the awards were suspended based upon reports that he no longer had a disability. At a December 13, 2016 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) directed that depositions be taken within 90 days to address the issue of whether claimant had an ongoing disability. Deposition testimony was submitted from claimant's treating physiatrist, orthopedist and psychiatrist, as well as the neurologist and orthopedist who examined claimant on behalf of the employer's workers' compensation carrier, providing conflicting medical opinions regarding whether claimant had an ongoing causally-related physical and psychiatric disability. Claimant's psychiatrist, Joel King, found that claimant had a causally-related depressive disorder, traumatic brain disorder and posttraumatic stress disorder. The carrier's psychiatrist, William Head Jr., submitted a report finding that claimant suffered from "mild depression" but found no causally-related psychiatric impairment or disability; Head did not testify as his scheduled deposition was not completed within the 90-day time frame. The WCLJ amended claimant's established claim to include a left shoulder injury, but found no further causally-related disability. On claimant's appeal, a panel of the Workers' Compensation Board issued a decision filed on September 6, 2017 upholding that determination, finding that claimant did not demonstrate that he had a [*2]further causally-related disability subsequent to December 16, 2017. The Board, in a decision filed January 23, 2018, denied claimant's subsequent application for reconsideration and/or full Board review. Claimant appeals from the Board's January 23, 2018 decision.
We affirm. Inasmuch as claimant has appealed from only the decision denying his application for reconsideration and/or full Board review, the merits of the Board's September 6, 2017 decision are not properly before us (see Matter of Oparaji v Books & Rattles, 168 AD3d 1209, 1209 [2019]; Matter of Duncan v Crucible Metals, 165 AD3d 1377, 1378 [2018])[FN1]. As such, "our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Oparaji v Books & Rattles, 168 AD3d at 1209; see Matter of Von Maack v Wyckoff Hgts. Med. Ctr., 143 AD3d 1019, 1020 [2016], lv dismissed 29 NY3d 965 [2017], cert denied ___ US ___, 138 S Ct 993 [2018]). To succeed on an application for reconsideration and/or full Board review, "claimant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1111 [2018] [internal quotation marks and citations omitted], lv denied 33 NY3d 901 [2019]; see Matter of Duncan v Crucible Metals, 165 AD3d at 1378).
Claimant's brief primarily addresses the merits of the Board's September 6, 2017 decision, which, as noted, are not properly before us (see Matter of Oparaji v Books & Rattles, 168 AD3d at 1209). Moreover, on appeal, claimant essentially reiterates arguments made in his application for reconsideration and/or full Board review, and there is no indication that the Board failed to fully consider the issues raised in that application (see Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d at 1111). Contrary to claimant's arguments, the record reflects that the Board carefully scrutinized and reviewed all of the conflicting medical testimony and evidence, and articulated specific reasons why it found some witnesses to be more persuasive and credited their opinions over contrary opinions. The Board twice rejected claimant's argument that the WCLJ had precluded Head's report, which is supported by the record. To that end, the Board emphasized that, even disregarding the conclusion in Head's report that there was no objective evidence of psychiatric impairment, it found unpersuasive King's opinion that claimant had a total psychiatric impairment. Given the foregoing, we do not find that the Board abused its discretion or acted arbitrarily in denying claimant's application for reconsideration and/or full Board review (see Matter of Oparaji v Books & Rattles, 168 AD3d at 1209).
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without cots.



Footnotes

Footnote 1: "[A] request for full Board review does not toll the statutory time period within which to file an appeal, and an appeal from a denial of a request for reconsideration does not bring up for review the merits of the underlying decision" (Matter of Alamin v Down Town Taxi, Inc., 141 AD3d 975, 976 [2016] [internal quotation marks and citation omitted], appeal dismissed 28 NY3d 1153 [2017]).