Matter of Lopez v Platoon Constr., Inc. (2023 NY Slip Op 00132)

Matter of Lopez v Platoon Constr., Inc.

2023 NY Slip Op 00132

Decided on January 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023

533269
[*1]In the Matter of the Claim of Hector R. Tejada Lopez, Claimant,
v
Platoon Construction, Inc., Appellant, et al., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:December 14, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ.

Baxter Smith & Shapiro, PC, White Plains (Joshua A. Bloom of counsel), for appellant.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed March 9, 2021, which denied an application by Platoon Construction, Inc. for reconsideration and/or full Board review.
In July 2019, claimant, a carpenter, filed a claim for workers' compensation benefits alleging that he had sustained various injuries after falling from a ladder while employed by an entity identified as Platoon Framers. Following an investigation, Platoon Construction, Inc. (hereinafter Platoon) was placed on notice of the compensation claim in March 2020, directed to retain counsel and advised of a hearing to address, among other issues, the proper employer entity. Neither a representative of nor counsel for Platoon appeared at the ensuing hearing. After claimant testified and tendered certain documentary evidence, a Workers' Compensation Law Judge continued the matter pending testimony from a representative of Platoon, which again was apprised of the scheduled hearing date. When Platoon failed to appear, the Workers' Compensation Law Judge, among other things, established the claim and found that claimant was employed by Platoon at the time of the accident.
Platoon thereafter sought a rehearing or reopening contending, among other things, that it had not retained counsel at the time of the original hearing date and was under the impression that it was not required to appear at any of the scheduled hearings. Attached to Platoon's application for review was a 1099 form listing only claimant's name and address. By decision filed December 24, 2020, the Workers' Compensation Board denied Platoon's request for a rehearing or reopening finding, as relevant here, that Platoon had been placed on notice of the scheduled hearings and issues in contention, neglected to articulate an adequate justification for its failure to appear and otherwise "failed to provide any evidence or allege any facts that would merit restoration of the case to the hearing calendar for further development of the record concerning [the] proper employer." Platoon did not appeal from the Board's decision and instead filed an application for reconsideration and/or full Board review. By decision filed March 9, 2021, the Board denied Platoon's application, and this appeal from that decision ensued.
We affirm. Inasmuch as Platoon has appealed from only the Board's March 2021 decision denying its application for reconsideration and/or full Board review, the merits of the Board's December 2020 decision are not properly before us (see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1241 [3d Dept 2019]; Matter of Cozzi v American Stock Exch., 148 AD3d 1500, 1500 [3d Dept 2017], lv dismissed 30 NY3d 937 [2017]). As this Court previously has held, "a request for full Board review does not toll the statutory time period within which to file an appeal" pursuant to Workers' Compensation Law § 23 and, contrary to Platoon's present assertion, "an appeal from a denial of a request for reconsideration [*2]does not bring up for review the merits of the underlying decision" (Matter of Alamin v Down Town Taxi, Inc., 141 AD3d 975, 976 [3d Dept 2016] [internal quotation marks and citations omitted], appeal dismissed 28 NY3d 1153 [2017]). Accordingly, our inquiry is limited to whether the Board's denial of Platoon's application was arbitrary and capricious or otherwise constituted an abuse of discretion (see Matter of Campos v Federal Express Corp., 181 AD3d 1118, 1119 [3d Dept 2020]; Matter of Seck v Quick Trak, 158 AD3d 919, 921 [3d Dept 2018]).
"To succeed on an application for reconsideration and/or full Board review, [the applicant] must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Singletary v Schiavone Constr. Co., 174 AD3d at 1242 [internal quotation marks and citations omitted]; see Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [3d Dept 2016]). In support of such application, Platoon tendered copies of various checks made payable to claimant and an additional 1099 form purporting to substantiate its claim that claimant was an independent contractor. Such proof — although perhaps newly proffered — did not constitute newly discovered evidence, and Platoon has otherwise failed to demonstrate that there has been a material change in condition. Finally, upon reviewing the record and the Board's initial decision denying Platoon's application, we are unpersuaded that the Board failed to fully consider the issues and evidence before it. Accordingly, the Board's denial of Platoon's application for reconsideration and/or full Board review was not arbitrary and capricious, nor did it constitute an abuse of discretion (see Matter of Petre v Allied Devices Corp., 191 AD3d 1086, 1088 [3d Dept 2021], lv dismissed 37 NY3d 938 [2021]; Matter of Campos v Federal Express Corp., 181 AD3d at 1119; Matter of Seck v Quick Trak, 158 AD3d at 921). Platoon's remaining arguments, to the extent that they are properly before us, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.