Matter of Sanders v NYU Langone Hosps. (2025 NY Slip Op 00810)

Matter of Sanders v NYU Langone Hosps.

2025 NY Slip Op 00810

Decided on February 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 13, 2025

CV-22-1860
[*1]In the Matter of the Claim of Ronnie G. Sanders, Appellant,
v
NYU Langone Hospitals et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Joel M. Gluck, New York City, for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (David W. Schweikert of counsel), for NYU Langone Hospitals and another, respondents.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed August 31, 2022, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a utility worker, filed a claim for workers' compensation benefits for injuries to his neck and back stemming from an alleged work-related accident that occurred while standing on a trash compactor sweeping debris. Following hearings and the submission of medical depositions from two of claimant's treating physicians and an independent medical examiner, a Workers' Compensation Law Judge disallowed the claim, finding that the testimonies of claimant's physicians were not credible and were inconsistent with claimant's testimony. Upon administrative appeal, the Workers' Compensation Board, in a decision filed May 3, 2022, noted that: claimant did not submit the medical report from his primary care physician with whom claimant first sought treatment at a routine physical for the alleged neck pain; the initial medical report of Stuart Hershon, the orthopedic surgeon to whom claimant's primary care physician referred claimant, indicated that claimant did not recall trauma to his neck; Hershon, although subsequently aware of the alleged work-related accident, was unable to give a medical opinion as to causal relationship; claimant's other treating physician, with whom claimant began treatment two months after the purported accident, had not reviewed any of claimant's prior medical records before rendering an opinion as to causal relationship; and the independent medical examiner, relying in part on information in Hershon's medical report, found no evidence of causal relationship. The Board also found claimant not credible. As such, the Board affirmed the decision disallowing the claim.
Thereafter, claimant, proceeding pro se, applied for reconsideration and/or full Board review based upon his submission of, among other things, additional medical documentation and information from his primary care physician and Hershon. In an August 31, 2022 decision, the Board denied the application, and claimant appeals.
Claimant contends that the Board abused its discretion or acted in an arbitrary and capricious manner in denying his application for reconsideration and/or full Board review given the newly obtained evidence from his primary care physician and Hershon. "To succeed on an application for reconsideration and/or full Board review, the applicant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Persaud v Ash & Peterkin Cent. Lock Co., Inc., 227 AD3d 1336, 1337 [3d Dept 2024] [internal quotation marks and citations omitted], lv dismissed 42 NY3d 1033 [2024]). In support of his application, claimant relied primarily on treatment records from his primary care physician and additional information [*2]from Hershon that were not previously submitted to the Board. Claimant speculates that this new information may not have been available to the Board because his former counsel may not have requested or subpoenaed such information. This is insufficient to establish that such evidence, although recently obtained, constituted newly discovered evidence that was unavailable at the time of the hearing (see Matter of Lopez v Platoon Constr., Inc., 212 AD3d 953, 954 [3d Dept 2023]; Matter of Scalo v C.D. Perry & Sons, Inc., 129 AD3d 1431, 1432 [3d Dept 2015]). Claimant has not otherwise demonstrated that there was a material change in condition or that the Board improperly failed to properly consider the evidence and issues before it. Accordingly, we are unpersuaded that the Board's denial of claimant's application for reconsideration and/or full Board review was arbitrary and capricious or an abuse of discretion (see Matter of Persaud v Ash & Peterkin Cent. Lock Co., Inc., 227 AD3d at 1338; Matter of Lopez v Platoon Constr., Inc., 212 AD3d at 954; Matter of Scalo v C.D. Perry & Sons, Inc., 129 AD3d at 1432-1433). Further, despite his contention to the contrary, "it was not incumbent upon the Board to deem claimant's request an application for a rehearing or for reopening" (Matter of Olaya v United Parcel Serv. Inc., 176 AD3d 1266, 1269-1270 [3d Dept 2019], citing 12 NYCRR 300.14).
Aarons, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.