Matter of Wagner v Bobley Publ. Corp. (2026 NY Slip Op 00178)

Matter of Wagner v Bobley Publ. Corp.

2026 NY Slip Op 00178

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

CV-24-2041
[*1]In the Matter of the Claim of Wendy Wagner, Appellant,
vBobley Publishing Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

Wendy Wagner, Massapequa, appellant pro se.
Lois LLC, New York City (Addison O'Donnell of counsel), for Bobley Publishing Corp. and others, respondents.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed June 13, 2024, which denied claimant's application for reconsideration and/or full Board review.
In 1977, claimant slipped and fell while at work, sustaining serious injuries including injuries to her spinal cord, and the underlying claim for workers' compensation benefits was established for the head and back. In 1980, claimant was classified with a permanent partial disability and was referred to vocational rehabilitation. In 1991, following a hearing, claimant was classified with a permanent total disability and symptomatic treatment was authorized for the neck and back, which included the administration of morphine, to address her pain and gastroesophageal and gastrointestinal symptoms. Following various denials and partial approval of her requests for medications in 2022-2023, claimant requested a hearing to adjudicate, among other things, her requested medical exemption for the Medical Treatment Guidelines and Drug Formulary portal. At the ensuing June 2023 and July 2023 hearings, claimant explained that she was seeking continuation of treatment from a non-Workers' Compensation Board coded neurologist and prescription of certain pain management medications. In a July 2023 decision, a Workers' Compensation Law Judge (hereinafter the WCLJ) directed that the Medical Treatment Guidelines and Drug Formulary should apply to all treatment and denied claimant's request for a direction compelling the workers' compensation carrier to pay for medical treatment by a non-Workers' Compensation Board coded physician. The WCLJ acknowledged that claimant and the carrier agreed 33 years ago that claimant could treat with a non-coded physician because of her difficulty in identifying an appropriate physician, but the WCLJ found that such agreement was outside of the WCLJ's jurisdiction and not something that could be enforced by the Board. Upon administrative review, the Workers' Compensation Board affirmed in a March 2024 decision, finding, among other things, that it has no authority to require the carrier to pay for medical services rendered by a non-coded medical provider, regardless of a prior agreement between claimant and the carrier that purportedly existed. The Board also found that, in the absence of any other issues — including any pending or denied prior authorization requests for medication, disputed medical bills or variance requests — no other substantive issues were ripe for review and/or properly before it. Claimant applied for reconsideration and/or full Board review of the Board's decision, which was subsequently denied. Claimant appeals from the decision denying her application for reconsideration and/or full Board review.
We affirm. As an initial matter, inasmuch as claimant has appealed only from the Board's decision denying her application for reconsideration and/or full Board review, the merits of the Board's March 2024 decision are not properly before us (see Matter of [*2]Lopez v Platoon Constr., Inc., 212 AD3d 953, 954 [3d Dept 2023]; Matter of Petre v Allied Devices Corp., 191 AD3d 1086, 1088 [3d Dept 2021], lv dismissed 37 NY3d 938 [2021]; Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [3d Dept 2016]). "As this Court previously has held, a request for full Board review does not toll the statutory time period within which to file an appeal pursuant to Workers' Compensation Law § 23[,] and . . . an appeal from a denial of a request for reconsideration does not bring up for review the merits of the underlying decision" (Matter of Lopez v Platoon Constr., Inc., 212 AD3d at 954 [internal quotation marks and citations omitted]; see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 n [3d Dept 2019]; Matter of Alamin v Down Town Taxi, Inc., 141 AD3d 975, 976 [3d Dept 2016], appeal dismissed 28 NY3d 1153 [2017]). Accordingly, our inquiry is limited to whether the Board's denial of claimant's application was arbitrary and capricious or otherwise constituted an abuse of discretion (see Matter of Campos v Federal Express Corp., 181 AD3d 1118, 1119 [3d Dept 2020]; Matter of Seck v Quick Trak, 158 AD3d 919, 921 [3d Dept 2018]).
"To succeed on an application for reconsideration and/or full Board review, the applicant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Lopez v Platoon Constr., Inc., 212 AD3d at 954 [internal quotation marks, brackets and citations omitted]; see Matter of Duncan v Crucible Metals, 165 AD3d 1377, 1378 [3d Dept 2018]; Matter of Levine v Health First [HF Mgt. Servs. LLC], 147 AD3d 1193, 1195 [3d Dept 2017]). Claimant failed to set forth any relevant newly discovered evidence, demonstrate a pertinent material change in condition or show that the Board improperly failed to consider the germane issues and evidence that were before it. We are thus unpersuaded that the Board abused its discretion or acted arbitrarily in denying claimant's application for reconsideration and/or full Board review (see Matter of Lopez v Platoon Constr., Inc., 212 AD3d at 954-955; Matter of Petre v Allied Devices Corp., 191 AD3d at 1088; Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 997 [3d Dept 2015]). Most of the issues raised by claimant — including her contention that autonomic dysfunction is not adequately covered by the Medical Treatment Guidelines and Drug Formulary, each of which should therefore not apply to her — have not been properly presented to the Board in the first instance for resolution and are therefore not properly before us. In any event, were we to address the issue ruled upon by the Board, we would discern no error in the Board's conclusion that it has no authority to obligate the carrier to pay for medical services rendered by a non-coded Workers' Compensation [*3]Board provider (see Workers' Compensation Law §§ 13-b [1]; 13-f; Employer: Pilgrim Psychiatric Center, 2001 WL 1026921, *1, 2001 NY Wrk Comp LEXIS 89239, *2 [WCB No. 2932 2191, Mar. 21, 2001]; see also Szold v Outlet Embroidery Supply Co., 274 NY 271, 277 [1937]; Matter of Cohen v New York State Workers' Compensation Bd., 122 AD3d 1222, 1222 [3d Dept 2014]; Matter of Van Dam v New Paltz Cent. School Dist., 46 AD3d 1194, 1195 [3d Dept 2007]).
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.