Matter of Sheodial v Universal Constr. Resources Inc. (2026 NY Slip Op 00649)

Matter of Sheodial v Universal Constr. Resources Inc.

2026 NY Slip Op 00649

Decided on February 11, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 11, 2026

CV-25-0645
[*1]In the Matter of the Claim of Rupert Sheodial, Appellant,
vUniversal Construction Resources Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 12, 2026

Before:Garry, P.J., Clark, Pritzker, Powers and Corcoran, JJ.

Rupert Sheodial, South Cairo, appellant pro se.
Jones Jones LLC, New York City (David S. Secemski of counsel), for Universal Construction Resources Inc. and another, respondents.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed October 30, 2024, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a construction supervisor, filed a claim for workers' compensation benefits alleging that he began developing back pain in April 2021 and, in June 2021, experienced pain in the right side of his lower back and his toes after walking in and out of an excavated area and between the basement and roof at a worksite. Following hearings and the taking of depositions from medical professionals who had either treated claimant or conducted an independent medical examination of him, a Workers' Compensation Law Judge found that claimant had suffered a work-related low back injury and established the claim. The Workers' Compensation Board reversed and disallowed the claim in a July 2024 decision, finding that the credible evidence did not establish a causal relationship between claimant's back problems and his work in view of his inconsistent accounts of when and how he was injured and, more significantly, his failure to tell the medical providers who linked his back problems to a 2021 work injury that he had previously been treated for low back pain in 2020. In an October 2024 decision, the Board denied claimant's application for reconsideration and/or full Board review. Claimant appeals from the October 2024 decision.
We affirm. As claimant solely appealed from the October 2024 decision denying his application for reconsideration and/or full Board review, the merits of the Board's July 2024 decision are not properly before us (see Matter of Lopez v Platoon Constr., Inc., 212 AD3d 953, 954 [3d Dept 2023]; Matter of Pucci v DCH Auto Group, 90 AD3d 1255, 1255 [3d Dept 2011]). To the extent that claimant raises arguments regarding the October 2024 decision, an applicant for reconsideration and/or full Board review must "demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Serrano v Bay Park Ctr. for Nursing & Rehabilitation, 236 AD3d 1256, 1258-1259 [3d Dept 2025] [internal quotation marks and citations omitted]). Our review of the record confirms that the Board considered the issues before it in its July 2024 decision and, as claimant failed to produce any new proof or assert a change in his condition, the denial of his application was neither arbitrary and capricious nor an abuse of discretion (see Matter of Lopez v Platoon Constr., Inc., 212 AD3d at 954-955; Matter of Paivanas v Resource Ctr., 77 AD3d 993, 993 [3d Dept 2010], lv dismissed 16 NY3d 781 [2011]).
Garry, P.J., Clark, Powers and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.