In the Matter of the Claim of CHRISTINA CASTILLO, Respondent, v FRIDA BROWN et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [56 NYS3d 652]—

Clark, J. Appeals (1) from that part of a decision of the Workers' Compensation Board, filed April 16, 2015, which assessed Frida Brown and Kenneth Brown with a penalty pursuant to Workers' Compensation Law § 26-a (2) (b), and (2) from a decision of said Board, filed July 9, 2015, which denied the Browns' request for reconsideration and/or full Board review.

In 2009, claimant started working for Frida Brown and her husband, Kenneth Brown (hereinafter collectively referred to as the employers), as a live-in domestic worker performing housekeeping and child care duties. On May 18, 2012, she cut her right hand on a broken piece of glass while washing dishes. As a result of injuries sustained to her right hand and thumb, she filed a claim for workers' compensation benefits. Following hearings before a Workers' Compensation Law Judge (hereinafter WCLJ), her case was established for a work-related injury to her right hand, with an average weekly wage of $350, and she was awarded benefits. In addition, the WCLJ found that the employers did not maintain workers' compensation coverage on the date of the accident in violation of Workers' Compensation Law § 50 and assessed a penalty of $86,000, covering the time period of December 31, 2009 through May 18, 2012, pursuant to Workers' Compensation Law § 26-a (2) (b). A panel of the Workers' Compensation Board affirmed the WCLJ's decision. Thereafter, the employers submitted an application for reconsideration and/or full Board review, which was denied. The employers appeal from both decisions.

The employers take issue only with the amount of the penalty assessed under Workers' Compensation Law § 26-a (2) (b). The statute provides two alternatives for calculating the penalty to be imposed upon an employer who has failed to maintain workers' compensation coverage. It states, in relevant part, that the Board "shall impose an assessment in the sum of [$1,000] for each [10-]day period of non-compliance or a sum not in excess of two times the amount of the cost of compensation for its payroll for the period of such failure" (Workers' Compensation Law § 26-a [2] [b]). Here, the WCLJ used the former method and assessed a penalty of $86,000, calculated by multiplying $1,000 by 86, the number of 10-day increments within the period of December 31, 2009 to May 18,

2012. The employers, however, contend that the penalty should have been calculated using the latter method, which is based on the cost of coverage. They assert that, utilizing that method, the penalty would not have exceeded $3,000 given the low per capita premium cost for insuring indoor domestic workers.

Significantly, the employers never objected to the penalty or raised this argument during proceedings before the WCLJ, even though they conceded that claimant was an employee and that they failed to maintain workers' compensation coverage.* In addition, the employers did not present any testimony or other proof with respect to the duration and circumstances of claimant's employment or the reason for their failure to obtain workers' compensation coverage. Although the Board could have declined to address the penalty, given the employers' failure to raise an objection before the WCLJ (*see* 12 NYCRR former 300.13 [e] [1] [iii]; *Matter of Tricarico v Town of Islip*, 136 AD3d 1127, 1128 [2016]; *Matter of Naylon v Erie County Highway Dept.*, 14 AD3d 932, 933 [2005]), it reviewed the propriety of the penalty based on the meager record before it. Crediting claimant's testimony as to the duration of her employment and finding no evidence to substantiate the employers' claim that they were unwitting homeowners unaware of the necessity of obtaining workers' compensation coverage, the Board found that the $86,000 penalty was appropriate. Upon reviewing the record and the manner in which the penalty was calculated, we find no reason to disturb the Board's decision (*see generally Matter of Johnson v Via Taxi, Inc.*, 77 AD3d 1024, 1026 [2010]). We further note that, insofar as the employers failed to raise their challenge to the constitutionality of the statute before the Board, this claim has not been preserved for our review (*see Matter of Huang Sheng Ku v Dana Alexander, Inc.*, 12 AD3d 988, 989 [2004]).

Lastly, with respect to the employers' request for reconsideration and/or full Board review, the employers were required to demonstrate that "newly discovered evidence exist[ed], that there ha[d] been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (*Matter of Amaker v City of N.Y. Dept. of Transp.*, 144 AD3d 1342, 1343 [2016] [internal quotation marks and citations omitted]; *see Matter of Von Maack v Wyckoff Hgts. Med. Ctr.*, 143 AD3d 1019, 1020 [2016], *lv dismissed* 29 NY3d 965 [2017]). The

---

* Although represented by different counsel before the WCLJ, the employers essentially admitted in their submissions to the Board that the penalty was not challenged.

employers submitted an affidavit and other documentation seeking to establish that claimant had not been hired until 2011 and that they were unaware of the need to obtain a workers' compensation policy covering a domestic worker because they had relied on the representations of their insurance agent. In addition, the employers' counsel provided a letter referencing a newly promulgated regulation. None of the employers' submissions, however, set forth grounds warranting reconsideration and/or full Board review. Consequently, we find that the Board did not abuse its discretion or act arbitrarily or capriciously in denying the employers' request (see *Matter of Levine v Health First [HF Mgt. Servs. LLC]*, 147 AD3d 1193, 1195 [2017]; *Matter of Von Maack v Wyckoff Hgts. Med. Ctr.*, 143 AD3d at 1020).

Garry, J.P., Egan Jr., Lynch and Aarons, JJ., concur. Ordered that the decisions are affirmed, without costs.