Matter of Campos v Federal Express Corp. (2020 NY Slip Op 01871)





Matter of Campos v Federal Express Corp.


2020 NY Slip Op 01871


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

528772

[*1]In the Matter of the Claim of Monserrate Campos, Appellant,
v
Federal Express Corporation, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Monserrate Campos, Woodhaven, appellant pro se.
Vecchione, Vecchione, Connors & Cano LLP, Garden City Park (Ronald Balter of counsel), for Federal Express Corporation, respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed May 24, 2018, which denied claimant's application for reconsideration and/or full Board review.
In September 2014, claimant filed a claim for workers' compensation benefits as a result of injuries that he sustained to his neck and back while he was working as a tractor trailer driver. He subsequently received medical treatment for his injuries. He also submitted to independent medical examinations by a chiropractor and an orthopedic surgeon. According to the physicians who examined claimant, he did not disclose that he had any prior back injuries even though he had injured his back in a 2008 work-related accident. In view of this, the self-insured employer raised the issue of claimant's violation of Workers' Compensation Law § 114-a. At the conclusion of a hearing on this issue, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled, among other things, that Workers' Compensation Law § 114-a did not apply. The employer filed an application for review of the WCLJ's decision by the Workers' Compensation Board. In March 2017, a panel of the Board modified the WCLJ's decision and ruled that claimant had violated Workers' Compensation Law § 114-a (1) and was subject to a mandatory penalty. Claimant, in turn, filed an application for reconsideration and/or full Board review of this decision. The Board denied claimant's application in May 2018. Claimant appeals.
Claimant contends that the Board erroneously found that he violated Workers' Compensation Law § 114-a (1) and imposed a mandatory penalty. The record, however, contains only claimant's notice of appeal from the Board's May 2018 decision denying his application for reconsideration and/or full Board review. Absent a proper appeal from the Board's decision ruling on claimant's violation of Workers' Compensation Law §114-a (1), the merits of that decision are not properly before us (see Matter of Cozzi v American Stock Exchange, 148 AD3d 1500, 1500-1501 [2017], lv dismissed 30 NY3d 937 [2017]; Matter of Speer v Wackenhut Corp., 15 AD3d 734, 735 [2005]). Thus, our review is limited to "whether there was an abuse of the Board's discretion or whether it acted in an arbitrary or capricious manner in denying the . . . request for reconsideration and/or full Board review" (Matter of Adamo v Richard Spoering, Inc., 13 AD3d 882, 883 [2004] [internal quotation marks and citations omitted]; see Matter of Alamin v Downtown Taxi, Inc., 141 AD3d 975, 976 [2016], appeal dismissed 28 NY3d 1153 [2017]). Inasmuch as claimant failed to produce newly discovered evidence or otherwise establish that the Board neglected to consider relevant issues and evidence before it, and the record does not support a finding of any abuse of discretion, we decline to disturb the Board's May 2018 decision denying claimant's request (see Matter of Cozzi v American Stock Exchange, 148 AD3d at 1501; Matter of Alamin v Down Town Taxi, Inc., 141 AD3d at 976; Matter of Shell v Poughkeepsie Housing Auth., 276 AD2d 843, 845 [2000], lv dismissed 96 NY2d 731 [2001]).
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.