Matter of Vargas v Hampton Inn 35Th St. (2020 NY Slip Op 07641)





Matter of Vargas v Hampton Inn 35Th St.


2020 NY Slip Op 07641


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

530099

[*1]In the Matter of the Claim of Giovanny Vargas, Appellant,
v
Hampton Inn 35Th Street et al. Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 17, 2020

Before: Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Giovanny Vargas, Norwalk, Connecticut, appellant pro se.
Burke Conway & Stiefeld, White Plains (Michelle Piantadosi of counsel), for Hampton Inn 35th Street and another, respondents.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed June 7, 2019, which denied claimant's application for reconsideration and/or full Board review.
Claimant established a workers' compensation claim for injuries to his neck, left shoulder, left elbow and left wrist stemming from a 2012 accident. Various awards were paid to claimant at varying tentative rates. Claimant then requested modification of the awards that were made at tentative rates from September 12, 2012 to May 28, 2013 to a total disability rate. Ultimately, by decision filed March 29, 2019, the Workers' Compensation Board — noting the medical evidence and claimant's receipt of unemployment insurance benefits during the disputed period, as well as the parties' discussion and agreement with the Workers' Compensation Law Judge at a hearing regarding the issue of proper awards — ruled that the award was properly modified to reflect a partial disability rate. Thereafter, by decision filed June 7, 2019, the Board denied claimant's application for reconsideration and/or full Board review. Claimant appeals from the Board's June 7, 2019 decision.
We affirm. Inasmuch as the record reflects that claimant appealed only from the Board's June 2019 decision denying his application for reconsideration and/or full Board review, the merits of the March 29, 2019 decision are not properly before us (see Matter of Campos v Federal Express Corp., 181 AD3d 1118, 1119 [2020]; Matter of Cozzi v American Stock Exch., 148 AD3d 1500, 1500 [2017], lv dismissed 30 NY3d 937 [2017]). Consequently, "our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [internal quotation marks and citations omitted]; see Matter of Campos v Federal Express Corp., 181 AD3d at 1119). Inasmuch as claimant did not "demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination," we find no abuse of the Board's discretion and, accordingly, its June 7, 2019 decision denying claimant's request for reconsideration will not be disturbed (Matter of Singletary v Schiavone Constr. Co., 174 AD3d at 1242 [internal quotation marks and citations omitted]; see Matter of Campos v Federal Express Corp., 181 AD3d at 1119; Matter of Cozzi v American Stock Exch., 148 AD3d at 1500). Claimant's remaining contentions, which are raised for the first time on appeal, are not properly before us.
Egan Jr., J.P., Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.