Matter of McCormick v Terryville Fire Dist. (2020 NY Slip Op 07647)





Matter of McCormick v Terryville Fire Dist.


2020 NY Slip Op 07647


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

530691

[*1]In the Matter of the Claim of John McCormick, Appellant,
v
Terryville Fire District et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Thomas A. Lumpkin of counsel), for Terryville Fire District and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed June 25, 2019, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a paramedic, had a previously established claim for injuries to his neck and back that allegedly were sustained in March 2017 when was he was directed to shovel snow at work. At a subsequent hearing, the employer's workers' compensation carrier raised the issue of a Workers' Compensation Law § 114-a violation based upon, among other things, claimant's failure to disclose a prior injury to his neck. A Workers' Compensation Law Judge sustained the asserted violation and, in addition to the mandatory penalty assessed, imposed the discretionary penalty of disqualifying claimant from receiving future indemnity benefits. Upon administrative review, the Workers' Compensation Board affirmed, finding, among other things, that claimant, by admittedly failing to disclose his prior neck injury, made a material misrepresentation in order to obtain workers' compensation benefits. Claimant's subsequent application for reconsideration and/or full Board review was denied, prompting this appeal.
We affirm. The bulk of claimant's brief is devoted to raising various evidentiary issues relative to the proof adduced at the underlying hearings — specifically, a certain videotape of the injury-producing event and evidence of claimant's prior felony conviction — and the corresponding impact that such proof had upon the Board's finding that a Workers' Compensation Law § 114-a violation had occurred. However, "[i]nasmuch as claimant has only appealed from the decision denying his application for reconsideration and/or full Board review, the merits of the Board's underlying decision are not properly before us" (Matter of Oparaji v Books & Rattles, 168 AD3d 1209, 1209 [2019]; see Matter of Campos v Federal Express Corp., 181 AD3d 1118, 1118 [2020]; Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1241 [2019]). As a result, "our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Singletary v Schiavone Constr. Co., 174 AD3d at 1242 [internal quotation marks and citation omitted]; see Matter of Campos v Federal Express Corp., 181 AD3d at 1118; Matter of Brasher v Sam Dell's Dodge Corp., 159 AD3d 1234, 1235 [2018], appeal dismissed 32 NY3d 1012 [2018]).
"To succeed on an application for reconsideration and/or full Board review, claimant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Singletary v Schiavone Constr. Co., 174 AD3d at 1242 [internal quotation marks and citations omitted]; see Matter of Hale v Rochester Tel. Co., 182 AD3d 961, 964 [2020]; Matter of Washington v Human Tech[*2]., 170 AD3d 1349, 1351 [2019]). Claimant has made no effort to establish — and the record does not otherwise reflect — the existence of newly discovered evidence or a material change in condition (see Matter of Oparaji v Books & Rattles, 168 AD3d at 1209). Nor are we persuaded that the Board failed to fully consider the relevant issues and evidence before it upon claimant's application for review. To the contrary, the record reveals that the Board carefully reviewed and scrutinized the proof adduced at the respective hearings and fully explained — in rendering its initial determination — its rationale for concluding that a violation of Workers' Compensation Law § 114-a had occurred (see Matter of Singletary v Schiavone Constr. Co., 174 AD3d at 1242). Under these circumstances, we cannot say that the Board's denial of claimant's application for reconsideration and/or full Board review was arbitrary, capricious or an abuse of discretion (see Matter of Campos v Federal Express Corp., 181 AD3d at 1119; Matter of Washington v Human Tech., 170 AD3d at 1351; Matter of Oparaji v Books & Rattles, 168 AD3d at 1209). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.