Matter of Downer v New York City Dept. of Corr. (2020 NY Slip Op 07640)





Matter of Downer v New York City Dept. of Corr.


2020 NY Slip Op 07640


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

530059

[*1]In the Matter of the Claim of Patrick Downer, Appellant,
v
New York City Department of Corrections, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: November 19, 2020

Before: Garry, P.J., Egan Jr., Aarons and Pritzker, JJ.


Rella & Associates, PC, Sleepy Hollow (David I. Wolf of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York City (Yasmean N. Tamoor of counsel), for New York City Department of Corrections, respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed August 20, 2019, which denied claimant's application for reconsideration and/or full Board review.
In January 2015, claimant injured his shoulders during the course of performing his duties as a correction officer. He filed a claim for workers' compensation benefits and his claim was established for work-related injuries to both shoulders. He stopped working in May 2015 and had surgery on his left shoulder the next month. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had no compensable lost time from January 18, 2015 to May 22, 2015, but awarded him benefits at the temporary total disability rate for a certain time period thereafter. In December 2015, claimant had surgery on his right shoulder. Following further hearings, a WCLJ made additional awards of benefits at the temporary total disability rate and at the tentative rate for various time periods. In November 2017, claimant had a second surgery on his right shoulder. Following further hearings, the WCLJ again made additional awards of benefits at the temporary total disability rate and at the temporary rate for various time periods.
Thereafter, the proceedings were continued for further development of the record on the issue of permanency. Following another hearing, the WCLJ issued a decision finding that claimant had a 27.5% schedule loss of use of the left arm and a 50% schedule loss of use of the right arm. The WCLJ also found, with respect to the period of temporary total disability, that claimant was entitled to an additional 87.8 weeks of benefits for a protracted healing period (hereinafter PHP) for his injuries. The self-insured employer filed an application for review of this decision by the Workers' Compensation Board, specifically challenging the WCLJ's award of 87.8 weeks of benefits for claimant's PHP. The Board issued a decision finding, among other things, that claimant did not have any PHP with respect to his left arm and had 57.8 weeks of PHP with respect to his right arm and modified the WCLJ's decision accordingly.[FN1] Claimant filed an application for reconsideration and/or full Board review of this decision. The Board denied claimant's application, and claimant appeals.
Claimant challenges the Board's modification of the WCLJ's decision and its reduction of the number of weeks of benefits attributable to claimant's PHP, which has effectively decreased the amount of his benefits. The record, however, discloses that claimant filed a notice of appeal only from the Board's decision denying his application for reconsideration and/or full Board review. "Absent a proper appeal from the Board's decision ruling on claimant's [PHP], the merits of that decision are not properly before us" (Matter of Campos v Federal Express Corp., 181 AD3d 1118, 1118-1119 [2020] [citations omitted]; see Matter of Cozzi v American Stock Exch., 148 AD3d 1500, 1500-1501 [2017[*2]], lv dismissed 30 NY3d 937 [2017]). Rather, "our review is limited to whether there was an abuse of the Board's discretion or whether it acted in an arbitrary or capricious manner in denying the . . . request for reconsideration and/or full Board review" (Matter of Adamo v Richard Spoering, Inc., 13 AD3d 882, 883 [2004] [internal quotation marks and citations omitted]; see Matter of Speer v Wackenhut Corp., 15 AD3d 734, 735 [2005]). On an application for reconsideration and/or full Board review, it is incumbent upon the claimant "to demonstrate that newly discovered evidence existed, that there had been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its determination" (Matter of Hale v Rochester Tel. Corp., 182 AD3d 961, 964 [2020] [internal quotation marks and citations omitted]; see Matter of Campos v Federal Express Corp., 181 AD3d at 1119). As the record does not disclose that claimant has made the required showing, the Board did not abuse its discretion or act in an arbitrary or capricious manner in denying his application.
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Shortly thereafter, the Board issued an amended decision adopting the same findings, but corrected certain mathematical errors and concluded that claimant had 57.6 weeks of PHP with respect to his right arm.