Matter of Petre v Allied Devices Corp. (2021 NY Slip Op 00611)





Matter of Petre v Allied Devices Corp.


2021 NY Slip Op 00611


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

531107

[*1]In the Matter of the Claim of Gheorghe Petre, Appellant,
v
Allied Devices Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 13, 2021

Before: Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Gheorghe Petre, New York City, appellant pro se.
Foley, Smit, O'Boyle & Weisman, New York City (Jennifer K. Arcarola of counsel), for Allied Devices Corp. and another, respondents.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed August 20, 2019, which denied claimant's application for reconsideration and/or full Board review.
In 1999, claimant sustained a work-related injury and his subsequent claim for workers' compensation benefits was established for injuries to his lower back and neck and for consequential gastritis, dysthymia, cervicogenic vertigo, cervical headaches and a psychiatric disorder. Claimant was classified with a permanent marked partial disability and received continuing indemnity benefits at a set rate. In February 2011, the parties agreed to a variance and entered into a stipulation (form C-300.5) pursuant to which physical therapy was authorized three times per week for four weeks and thereafter two times per month for the established sites of injury covered by the medical treatment guidelines. The terms of the stipulation were then set forth in a March 2011 decision of the Workers' Compensation Law Judge (hereinafter WCLJ).[FN1]
In 2018, claimant contended that, in addition to the 24 sessions of physical therapy allowed per year under the parties' stipulation, he is entitled under the medical treatment guidelines to 10 additional physical therapy sessions for both his lower back and neck (for a total of 44 sessions per year) and that the employer's workers' compensation carrier had been improperly denying his prescriptions for a brand-name prescription drug (Nexium). Following a hearing, the WCLJ found that, inasmuch as claimant was already receiving 24 sessions per year, which exceeded the number of sessions that claimant would receive under the guidelines, claimant's physical therapy sessions were limited to the 24 sessions per year as set forth in the stipulation. The WCLJ also granted claimant's request that the carrier pay for claimant's brand-name prescription medication. Upon administrative review, the Workers' Compensation Board affirmed the decision of the WCLJ in a May 2019 decision, finding that, under the stipulation, claimant is already receiving more than twice the number of physical therapy sessions per year that he would be permitted to receive under the maintenance care program in the guidelines. Thereafter, claimant applied for reconsideration and/or full Board review. In an August 2019 decision, the Board denied claimant's request for reconsideration and/or full Board review, and claimant's appeal from that decision ensued.
Initially, inasmuch as this appeal concerns only the Board's August 2019 decision denying claimant's application for reconsideration and/or full Board review, the merits of the Board's May 2019 decision are not before the Court in this appeal (see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1241 [2019]; Matter of Snarski v New Jersey Mfrs. Ins. Group, 20 AD3d 803, 804 [2005]; Matter of Forbes v American Airlines, 13 AD3d 1001, 1001 [2004]). Turning to claimant's challenge to the denial of his application for reconsideration [*2]and/or full Board review, "our examination is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner" (Matter of Siliverdis v Sea Breeze Servs. Corp., 82 AD3d 1459, 1460 [2011]; see Matter of Duncan v Crucible Metals, 165 AD3d 1377, 1378 [2018]; Matter of You Cai Zhang v Tony's Marble & Granite Supply Corp., 95 AD3d 1510, 1511 [2012]).
In his application for reconsideration and/or full Board review, claimant failed to set forth relevant newly discovered evidence or demonstrate a pertinent material change in condition germane to the Board's finding that he is not entitled to additional physical therapy sessions beyond those provided for in the stipulation (see Matter of Oparaji v Books & Rattles, 168 AD3d 1209, 1209 [2019]; Matter of Castillo v Brown, 151 AD3d 1310, 1311 [2017]; Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 796 [2009], appeal dismissed 13 NY3d 899 [2009]). Further, upon reviewing the record before us, we are unpersuaded that the Board failed to consider the evidence and issues properly before it, and we therefore conclude that the Board's denial of claimant's application for reconsideration and/or full Board review was neither arbitrary and capricious nor an abuse of discretion (see Matter of Alamin v Down Town Taxi, Inc., 141 AD3d 975, 976 [2016], appeal dismissed 28 NY3d 1153 [2017]; Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016]; Matter of Riescher v Central Hudson Gas Elec., 132 AD3d 1052, 1053 [2015]). To the extent that claimant's remaining contentions are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: In August 2014, the Workers' Compensation Board found, among other things, that the medical treatment guidelines were in effect at the time that the stipulation was entered into and, therefore, that the stipulation providing claimant with ongoing physical therapy treatment remained in effect.