Matter of Gorbea v Verizon N.Y. Inc. (2022 NY Slip Op 00230)





Matter of Gorbea v Verizon N.Y. Inc.


2022 NY Slip Op 00230


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

532321
[*1]In the Matter of the Claim of Sonya Gorbea, Appellant,
v
Verizon New York Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Sonya Gorbea, New York City, appellant pro se.
White and Williams LLP, Pleasantville (Scott H. Casher of counsel), for Verizon New York Inc. and others, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed May 18, 2020, which denied claimant's application for reconsideration and/or full Board review.
In 2018, claimant filed a DC-120 form (discharge or discrimination complaint) pursuant to Workers' Compensation Law § 120, alleging that the employer had breached claimant's employment contract, that the employer's denial of several short-term disability applications that she had filed was erroneous and that the employer had discriminated against her due to her disabilities. In a November 2019 decision, the Workers' Compensation Board credited the employer's evidence that claimant was terminated for valid business reasons and, therefore, determined that claimant had failed to demonstrate a causal nexus between her pursuit of workers' compensation benefits and her termination.[FN1] Thereafter, claimant applied for reconsideration and/or full Board review. In a May 2020 decision, the Board denied claimant's application, and claimant's appeal from that decision ensued.
We affirm. Inasmuch as the record reflects that claimant appealed only from the Board's May 2020 decision denying her application for reconsideration and/or full Board review, the merits of its November 2019 decision are not properly before us (see Matter of Campos v Federal Express Corp., 181 AD3d 1118, 1119 [2020]; Matter of Seck v Quick Trak, 158 AD3d 919, 920-921 [2018]). Consequently, "our inquiry is limited to whether the Board's denial of claimant's application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Cozzi v American Stock Exch., 148 AD3d 1500, 1500 [2017], lv dismissed 30 NY3d 937 [2017]; see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [2019]). Claimant did not produce any newly discovered evidence or otherwise demonstrate that the Board failed to consider relevant issues and evidence before it. Inasmuch as the record does not otherwise support a finding of an abuse of discretion, the Board's May 2020 decision denying claimant's application for reconsideration and/or full Board review will not be disturbed (see Matter of Campos v Federal Express Corp., 181 AD3d at 1119; Matter of Cozzi v American Stock Exch., 148 AD3d at 1501).
Garry, P.J., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The Board further determined that it had no jurisdiction over claimant's breach of employment contract allegation, her discrimination claim or her challenge to the denial of her private short-term disability applications.