Matter of Eastman v Glens Falls Hosp. (2022 NY Slip Op 00917)





Matter of Eastman v Glens Falls Hosp.


2022 NY Slip Op 00917


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532522
[*1]In the Matter of the Claim of Stacy Eastman, Respondent,
v
Glens Falls Hospital et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

Law Offices of John Wallace, Albany (Joseph W. Buttridge of counsel), for appellants.
Martin, Harding & Mazzotti, LLP, Albany (Crystle A. Watts of counsel), for Stacy Eastman, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed June 10, 2020, which denied the application of the employer and its workers' compensation carrier for reconsideration and/or full Board review.
Claimant was injured at work and filed a claim for workers' compensation benefits. A Workers' Compensation Law Judge established the claim, and claimant was found to have a 10% schedule loss of use (hereinafter SLU) of her right leg. In a decision filed April 6, 2020, the Workers' Compensation Board affirmed. Thereafter, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) applied for reconsideration and/or full Board review, contending that the Board improperly failed to fully consider the issue of apportionment of the SLU award with a prior injury. The Board denied the application in a decision filed June 10, 2020. The employer appeals.
Insofar as the employer has only appealed from the June 2020 decision denying its application for reconsideration and/or full Board review, the merits of the Board's underlying April 2020 decision are not properly before us (see Matter of Downer v New York City Dept. of Corr., 189 AD3d 1855, 1856-1857 [2020]). Accordingly, "our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [2019] [internal quotation marks and citation omitted]; see Matter of Petre v Allied Devices Corp., 191 AD3d 1086, 1088 [2021], lv dismissed 37 NY3d 938 [2021]).
In the application, the employer was required "to demonstrate that newly discovered evidence existed, that there had been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Castillo v Brown, 151 AD3d 1310, 1311 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of McCormick v Terryville Fire Dist., 189 AD3d 1868, 1869 [2020]). The employer did not raise any issues in its application regarding the existence of newly discovered evidence or a material change in condition. Moreover, the record reflects that the Board reviewed and scrutinized the medical evidence in determining that apportionment of the SLU award was not appropriate. Given the foregoing, the Board's denial of the employer's application for reconsideration and/or full Board review was neither arbitrary and capricious nor an abuse of discretion (see Matter of Petre v Allied Devices Corp., 191 AD3d at 1088; Matter of McCormick v Terryville Fire Dist., 189 AD3d at 1869-1870).
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.