Matter of Mascali v Town/Village of Harrison (2022 NY Slip Op 01860)





Matter of Mascali v Town/Village of Harrison


2022 NY Slip Op 01860


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

533036
[*1]In the Matter of the Claim of Charles Mascali, Appellant,
v
Town/Village of Harrison et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Schwab & Gasparini, PLLC, White Plains (Victor Aqeel of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for Town/Village of Harrison and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed August 12, 2020, which denied claimant's application for reconsideration and/or full Board review.
In 2017, claimant, a police officer, filed a claim for workers' compensation benefits alleging that he was injured by inhaling dust and toxins on September 11, 2001 at the World Trade Center site. Following a hearing, a Workers' Compensation Law Judge established the claim for work-related chronic pulmonary disease, gastroesophageal reflux disease, dyspnea and shortness of breath. In June 2020, the Workers' Compensation Board reversed that decision on administrative review, finding that there was insufficient medical evidence to establish that claimant's condition was causally related to his employment. Thereafter, claimant applied for reconsideration and/or full Board review. In an August 2020 decision, the Board denied claimant's application, and claimant appeals from that decision.
Inasmuch as this appeal concerns only the Board's August 2020 decision denying claimant's application for reconsideration and/or full Board review, the merits of the Board's June 2020 decision are not properly before us (see Matter of Petre v Allied Devices Corp., 191 AD3d 1086, 1088 [2021], lv dismissed 37 NY3d 938 [2021]; Matter of McCormick v Terryville Fire Dist., 189 AD3d 1868, 1869 [2020]). "As such, our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [2019] [internal quotation marks and citations omitted]; see Matter of Vargas v Hampton Inn 35th St., 189 AD3d 1857, 1858 [2020]). "In order to obtain review or reconsideration, claimant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [2016] [internal quotation marks and citations omitted]; see Matter of Oparaji v Books & Rattles, 168 AD3d 1209, 1209 [2019]).
The record reflects that, in its June 2020 decision, the Board rejected, as unsupported and conclusory, the opinion of claimant's medical expert that claimant's condition was causally related to his work at the World Trade Center site. To the extent that claimant contends that the Board erred in rejecting the medical expert's opinion, his remedy was to appeal from the Board's June 2020 decision (see Matter of Seck v Quick Trak, 158 AD3d 919, 921 [2018]; Matter of Cozzi v American Stock Exch., 148 AD3d 1500, 1501 [2017], lv dismissed 30 NY3d 937 [2017]). On his application for reconsideration and/or full Board review, claimant submitted another report from his medical expert, based upon an examination of claimant in July 2020. The new report did not indicate a material [*2]change in condition but merely restated the expert's finding of a causal relationship, an opinion that the Board had considered and rejected in its initial determination. Under these circumstances, it was not an abuse of discretion or arbitrary and capricious for the Board to deny claimant's application for reconsideration and/or full Board review (see Matter of Petre v Allied Devices Corp., 191 AD3d at 1088; Matter of Campos v Federal Express Corp., 181 AD3d 1118, 1119 [2020]).
Egan Jr., J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.