Matter of Rios v Rockaway Contr. Corp. (2023 NY Slip Op 00708)

Matter of Rios v Rockaway Contr. Corp.

2023 NY Slip Op 00708

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

534723
[*1]In the Matter of the Claim of Justo Rios, Respondent,
v
Rockaway Contracting Corp. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ. 

Rabinowitz, Galina & Rosen, Mineola (Michael M. Rabinowitz of counsel), for appellants.
Polsky, Shouldice & Rosen, PC, Rockville Centre (Timothy J. Rogers of counsel), for Justo Rios, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed July 3, 2020, which denied the application of the employer's workers' compensation carrier for reconsideration and/or full Board review.
In 2018, claimant was injured while working at a construction site and filed a claim for workers' compensation benefits, naming Rockaway Contracting Corporation as his employer. At an initial hearing in May 2019, Fast Track Drywall and Ibanez Construction Services Corporation were identified as potential employers and Ibanez was put on notice. At a hearing held in December 2019, claimant testified that he was working for Rockaway at the time of his injuries and provided an identification card that identified him as a Rockaway employee during the relevant time period and referenced the work site at which he was injured. Claimant further testified that Rockaway always paid him in cash, but that after his injuries, for reasons unknown to him, he received payment in the form of three checks from Ibanez. Although Ibanez's president was listed as a witness at the hearing and was to testify by telephone, he did not appear. Following the hearing, in a decision filed December 16, 2019, the Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that Rockaway was the responsible employer.
In its application for Workers' Compensation Board review, Rockaway submitted new evidence in the form of affidavits from Ibanez's president and an Ibanez foreperson, both attested to on December 24, 2019, stating that claimant was an employee of Ibanez at the time of his injuries. Upon review, the Board refused to consider the newly produced affidavits, finding that Rockaway had not provided a sufficient explanation for why this evidence could not have been presented before the WCLJ (see 12 NYCRR 300.13 [b] [1] [iii]), and affirmed the WCLJ's decision. The application for reconsideration and/or full Board review of the Board's decision by Rockaway's workers' compensation carrier was denied and Rockaway appeals from the denial of that application.
We affirm. Inasmuch as Rockaway has only appealed from the Board's denial of its application for reconsideration and/or full Board review, the merits of the underlying Board decision are not before us (see Matter of Mascali v Town/Vil. of Harrison, 203 AD3d 1424, 1425 [3d Dept 2022]; Matter of Gorbea v Verizon N.Y. Inc., 201 AD3d 1168, 1169 [3d Dept 2022]). Rather, our inquiry is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion (see Matter of Bidot v Suffolk County Probation Dept., 205 AD3d 1280, 1281 [3d Dept 2022]; Matter of Eastman v Glens Falls Hosp., 202 AD3d 1232, 1233 [3d Dept 2022]).
"The Board's regulations provide that an appealing party seeking to 'introduce additional documentary evidence in the administrative appeal that was not presented before the WCLJ must submit a sworn affidavit, setting forth the evidence[*2], and explaining why it could not have been presented before the WCLJ' " (Matter of Lawrence v Department of Corr. of the City of N.Y., 178 AD3d 1239, 1240 [3d Dept 2019] [brackets and ellipsis omitted], quoting 12 NYCRR 300.13 [b] [1] [iii]; see Matter of Belfiore v Penske Logistics LLC, 203 AD3d 1431, 1434 [3d Dept 2022]). In seeking to have the Board consider the Ibanez affidavits, the only explanation given by Rockaway in its affidavit was that it was "unable to obtain the additional evidence in advance of the hearing." The Board rejected this explanation, citing the fact that Ibanez was identified as a potential employer seven months prior to the WCLJ's decision, and that Rockaway did not make any assertion regarding whether it had attempted to contact these witnesses during that time period. In our view, Rockaway failed to explain why this evidence could not have been presented before the WCLJ and we discern no abuse of discretion in the Board's refusal to consider it (see Matter of Morales v Lopez, 192 AD3d 1298, 1299 [3d Dept 2021]; Matter of Hernandez v KNS Bldg. Restoration, Inc., 180 AD3d 1129, 1132 [3d Dept 2020]). In light of the foregoing, Rockaway has not demonstrated that the Board's denial of its application for reconsideration and/or full Board review was arbitrary and capricious or an abuse of discretion and it will not be disturbed (see Matter of Mascali v Town/Vil. of Harrison, 203 AD3d at 1426; Matter of Petre v Allied Devices Corp., 191 AD3d 1086, 1088 [3d Dept 2021], lv dismissed 37 NY3d 938 [2021]).
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.