Matter of Petre v Allied Devices Corp. (2023 NY Slip Op 00908)

Matter of Petre v Allied Devices Corp.

2023 NY Slip Op 00908

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

535046
[*1]In the Matter of the Claim of Gheorghe Petre, Appellant,
v
Allied Devices Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Gheorghe Petre, Bronx, appellant pro se.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Jennifer K. Arcarola of counsel), for Allied Devices Corp. and another, respondents.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed March 4, 2022, which denied claimant's application for reconsideration and/or full Board review.
In 1999, claimant sustained work-related injuries, and his ensuing claim for workers' compensation benefits was established for injuries involving the back, neck, gastritis, cervico-genic vertigo, dystemia, cervical headaches and a consequential psychiatric disorder. Following an August 2021 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, amended the claim to include right lumbosacral neuritis involving the right side and foot, directed claimant's doctor to request prior authorization for Gabapentin using the version of the Drug Formulary rules in effect at that time (see Workers' Compensation Board, Drug Formulary at 1, 5 [Apr. 1, 2020]), and further directed claimant to submit missing documentation in support of his request for reimbursement of medical and travel expenses. Upon administrative review, the Workers' Compensation Board affirmed. The Board also denied claimant's subsequent application for reconsideration and/or full Board review in a March 2022 decision, from which claimant now appeals.
We affirm. Initially, inasmuch as "claimant has appealed only from the decision addressing [his] application for reconsideration and/or full Board review, our review 'is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner' in denying that application" (Matter of Gorbea v Verizon N.Y. Inc., 199 AD3d 1253, 1253-1254 [3d Dept 2021], quoting Matter of Petre v Allied Devices Corp., 191 AD3d 1086, 1088 [3d Dept 2021], lv dismissed 37 NY3d 938 [2021]). To satisfy that standard, claimant "was required to demonstrate that newly discovered evidence existed, that there had been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Moore v U.S. Xpress, Inc., 201 AD3d 1083, 1085 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1029 [2022]; see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [3d Dept 2019]; Matter of D'Errico v New York City Dept. of Corrections, 65 AD3d 795, 796 [3d Dept 2009], appeal dismissed 13 NY3d 899 [2009]).
Upon reviewing the record before us, we find that claimant's application for reconsideration and/or full Board review failed to allege a material change in condition or set forth any newly discovered evidence that would warrant granting his request. Further, the record reflects that the Board, in the underlying December 2021 decision, considered the issues that were before it, including claimant's request for reimbursement of certain medical and travel expenses and his argument that the Drug Formulary does not apply to Gabapentin, a second-line prescription medication (see Workers' Compensation Board, Drug Formulary at 1[*2], 5 [Apr. 1, 2020]; see also 12 NYCRR 441.3 [a] [1]; 441.4 [c]; 441.5 [a] [2]). Accordingly, we discern no abuse of discretion by the Board in denying claimant's request for reconsideration and/or full Board review (see Matter of Banish v Warren County Sheriff's Off., 209 AD3d 1081, 1084 [3d Dept 2022]; Matter of Bidot v Suffolk County Probation Dept., 205 AD3d 1280, 1281 [3d Dept 2022]). Claimant's remaining contentions, to the extent not explicitly addressed, have been reviewed and found to be without merit.
Clark, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.