Matter of Campos v Performance Master, Inc. (2023 NY Slip Op 04168)

Matter of Campos v Performance Master, Inc.

2023 NY Slip Op 04168

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

535717
[*1]In the Matter of the Claim of Denis Campos, Claimant,
v
Performance Master, Inc., Respondent, and American Zurich Insurance Co., Appellant. Workers' Compensation Board, Respondent.

Calendar Date:June 5, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Ceresia, JJ.

Jones Jones LLC, New York City (Stacee S. Vaikness of counsel), for appellant.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.
David Wertheim, New York State Insurance Fund, New York City (Aviva Sharbin of counsel), for New York State Insurance Fund, respondent.

Ceresia, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed October 26, 2021, which ruled that American Zurich Insurance Company was the liable workers' compensation carrier, and (2) from a decision of said Board, filed January 26, 2022, which denied American Zurich Insurance Company's application for reconsideration and/or full Board review.
In 2020, claimant, a construction worker, filed a claim for workers' compensation benefits alleging that he was injured when he fell from a ladder while working at a construction site. Various hearings and investigations ensued and, by an April 2021 decision, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim, placed American Zurich Insurance Company on notice regarding the issue of proper cancellation of a specific workers' compensation policy covering the employer and, further, directed the production of any related documentation. American Zurich contested the claim and, during subsequent hearings, offered evidence of two other insurance policies that were allegedly issued to entities related to the employer and would not have covered claimant's accident, but failed to produce any evidence regarding the policy identified by the WCLJ in the April 2021 decision.
Thereafter, by July 2021 decision, the WCLJ determined in relevant part that, based upon the Workers' Compensation Board's Insurance Compliance System records and American Zurich's failure to submit evidence to the contrary, the subject policy had not been properly canceled pursuant to the requirements of Workers' Compensation Law § 54 (5) and, thus, remained in effect on the date of the accident such that American Zurich was the responsible carrier. Upon administrative review, the Board affirmed the WCLJ's decision, declining American Zurich's request to consider newly submitted evidence that had not been before the WCLJ. American Zurich's subsequent application for reconsideration and/or full Board review was denied, and these appeals followed.
We affirm. Initially, we find no abuse of discretion in the Board's refusal to consider documentation related to the subject policy that was submitted by American Zurich for the first time on administrative appeal. The Board found American Zurich's reasons for failing to present such evidence to the WCLJ not credible. Contrary to American Zurich's explanation that it had not been put on notice of the subject policy until the hearing underlying the July 2021 decision, the Board found that American Zurich had been specifically directed in the WCLJ's April 2021 decision to produce documentation related to the subject policy. The record further reflects that the April 2021 decision, of which American Zurich had been put on notice, identified both the employer and the policy number at issue. Under the circumstances presented, we find no basis to disturb the Board's discretionary decision to deny consideration of policy documentation that American Zurich had in its possession [*2]and did not present to the WCLJ, despite having been expressly directed to do so (see 12 NYCRR 300.13 [b] [1] [iii]; Matter of Belfiore v Penske Logistics LLC, 203 AD3d 1431, 1434 [3d Dept 2022]; Matter of Morales v Lopez, 192 AD3d 1298, 1299 [3d Dept 2021]; Matter of Hernandez v KNS Bldg. Restoration, Inc., 180 AD3d 1129, 1132 [3d Dept 2020]). In view of the foregoing, we likewise do not find that the Board's denial of American Zurich's application for reconsideration and/or full Board review was arbitrary and capricious or an abuse of discretion (see Matter of Rios v Rockaway Contr. Corp., 213 AD3d 1061, 1063 [3d Dept 2023]; Matter of Lopez v Platoon Constr., Inc., 212 AD3d 953, 954-955 [3d Dept 2023]).
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the decisions are affirmed, without costs.