Matter of Sylvester v Department of Corr. & Community Supervision (2025 NY Slip Op 07064)

Matter of Sylvester v Department of Corr. & Community Supervision

2025 NY Slip Op 07064

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-2093
[*1]In the Matter of the Claim of David Sylvester, Appellant,
vDepartment of Corrections and Community Supervision et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Powers and Mackey, JJ.

David Sylvester, Dansville, appellant pro se.
Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of counsel), for Department of Corrections and Community Supervision and another, respondents.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed June 5, 2024, which denied claimant's application for reconsideration and/or full Board review.
In 2017, claimant suffered a work-related injury to his left shoulder and he was ultimately awarded a 10% schedule loss of use (hereinafter SLU) of the left arm. In June 2021, claimant suffered work-related injuries to his head, left knee and left shoulder. Following surgery to claimant's left shoulder, his treating orthopedic surgeon found that claimant had reached maximum medical improvement and, based upon range of motion deficits measured by the surgeon, found that claimant sustained a 60% SLU of the left arm. The orthopedic surgeon who examined claimant on behalf of the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) opined that claimant had not reached maximum medical improvement and that any SLU findings should be deferred. The carrier argued in a memorandum it submitted to the Workers' Compensation Law Judge (hereinafter WCLJ) that the range of motion deficits measured by claimant's surgeon only equated to a 40% SLU pursuant to the 2018 Workers' Compensation Guidelines for Determining Impairment. The carrier further argued that it should be given a credit for the prior 10% SLU for the left arm awarded for the 2017 injury to claimant's left shoulder (see Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [3d Dept 2018]). Claimant argued in his memorandum that he was entitled to a 70% SLU, adding the prior 10% SLU to the current 60% SLU as calculated by his surgeon. Following a hearing and the deposition of claimant's surgeon, the WCLJ rejected the opinion of the carrier's medical expert regarding permanency to claimant's head, left knee and abdomen. The WCLJ further determined that the range of motion deficits measured by claimant's surgeon equated to a 40% SLU of the left arm pursuant to the 2018 Workers' Compensation Guidelines for Determining Impairment. In concluding that claimant sustained a 40% SLU of the left arm, the WCLJ did not address the carrier's request for a credit for claimant's prior 10% SLU award. Both parties sought review of the WCLJ's determination by the Workers' Compensation Board. Upon review, by decision filed April 1, 2024, the Board found that claimant sustained a 40% SLU of the left arm and that the carrier was entitled to a credit for claimant's prior 10% SLU of the left arm. Claimant did not appeal from the Board's decision and instead filed an application for reconsideration and/or full Board review. By decision filed June 5, 2024, the Board denied claimant's application, and this appeal from that decision ensued.
We affirm. Inasmuch as claimant has only appealed the Board's June 2024 decision denying his application for reconsideration and/or full Board review, the merits of the Board's April 2024 decision are not properly before us (see Matter of Persaud v Ash & Peterkin Cent. [*2]Lock Co., Inc., 227 AD3d 1336, 1337 [3d Dept 2024], lv dismissed 42 NY3d 1033 [2024]; Matter of Rios v Rockaway Contr. Corp., 213 AD3d 1061, 1062 [3d Dept 2023]). "As such, our review is limited to whether the Board's denial of the application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Mascali v Town/Vil. of Harrison, 203 AD3d 1424, 1425 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Lopez v Platoon Constr., Inc., 212 AD3d 953, 954 [3d Dept 2023]).
"To succeed on an application for reconsideration and/or full Board review, the applicant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Persaud v Ash & Peterkin Cent. Lock Co., Inc., 227 AD3d at 1337-1338 [internal quotation marks and citations omitted]; see Matter of Singletary v Schiavone Constr. Co., 174 AD3d 1240, 1242 [3d Dept 2019]). The record reflects that claimant did not demonstrate the existence of new evidence or a material change in condition in support of his application, and that the Board, in its April 2024 decision, considered the issues that were before it, including whether the carrier was entitled to a credit for claimant's prior 10% SLU award (see Matter of Persaud v Ash & Peterkin Cent. Lock Co., Inc., 227 AD3d at 1338; Matter of Oparaji v Books & Rattles, 168 AD3d 1209, 1209 [3d Dept 2019]). Accordingly, we find that the Board did not abuse its discretion or act arbitrarily in denying claimant's application for reconsideration and/or full Board review (see Matter of Petre v Allied Devices Corp., 213 AD3d 1117, 1118 [3d Dept 2023]; Matter of Banish v Warren County Sheriff's Off., 209 AD3d 1081, 1084 [3d Dept 2022]).
Pritzker, J.P., McShan, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.