Matter of Pinson v North Gate Health Care Facility (2025 NY Slip Op 07356)

Matter of Pinson v North Gate Health Care Facility

2025 NY Slip Op 07356

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

CV-24-1804
[*1]In the Matter of the Claim of Patricia Pinson, Appellant,
vNorth Gate Health Care Facility et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

Dennis A. Clary, Lewiston, for appellant.
Hamberger & Weiss LLP, Buffalo (John D. Land of counsel), for North Gate Health Care Facility and another, respondents.

Corcoran, J.
Appeal from a decision of the Workers' Compensation Board, filed October 21, 2024, which denied claimant's application for reconsideration and/or full Board review.
Claimant, a nurse, injured her lower back at work in 2019 and her subsequent claim for workers' compensation benefits was established. In September 2023, the Workers' Compensation Board upheld the decision of a Workers' Compensation Law Judge (hereinafter WCLJ) finding that claimant had reached maximum medical improvement but was not permanently totally disabled. Following a December 2023 hearing, a WCLJ issued a decision classifying claimant with a permanent partial disability and finding her to have 75% loss of wage-earning capacity. The WCLJ further found that claimant was not entitled to wage loss benefits because she was not attached to the labor market. Upon administrative review, the Board issued a September 2024 decision in which it modified to the limited extent of adding the finding that claimant was capable of sedentary work. Claimant applied for reconsideration and/or full Board review, and she appeals from the October 2024 denial of that application.
We affirm. At the outset, because claimant only appealed from the October 2024 decision denying her application for reconsideration and/or full Board review, her arguments regarding the merits of the underlying Board decision are not properly before us (see Matter of Persaud v Ash & Peterkin Cent. Lock Co., Inc., 227 AD3d 1336, 1337 [3d Dept 2024], lv dismissed 42 NY3d 1033 [2024]; Matter of Rios v Rockaway Contr. Corp., 213 AD3d 1061, 1062 [3d Dept 2023]). Rather, our review is limited to assessing whether the Board's denial of her "application was arbitrary and capricious or otherwise constituted an abuse of discretion" (Matter of Rios v Rockaway Contr. Corp., 213 AD3d at 1062-1063).
In that regard, "to obtain review or reconsideration, claimant must demonstrate that newly discovered evidence exists, that there has been a material change in condition, or that the Board improperly failed to consider the issues raised in the application for review in making its initial determination" (Matter of Amaker v City of N.Y. Dept. of Transp., 144 AD3d 1342, 1343 [3d Dept 2016] [internal quotation marks and citation omitted]; see Matter of Mascali v Town/Vil. of Harrison, 203 AD3d 1424, 1425 [3d Dept 2022]). Claimant established none of those in her application, instead advancing challenges to the credibility determinations and legal conclusions of the Board that could, and should, have been raised in a direct appeal from its September 2024 decision (see Matter of Mascali v Town/Vil. of Harrison, 203 AD3d at 1425-1426; Matter of Seck v Quick Trak, 158 AD3d 919, 921 [3d Dept 2018]). As such, we cannot say that the Board's denial of her application was arbitrary, capricious or an abuse of discretion (see Matter of Persaud v Ash & Peterkin Cent. Lock Co., Inc., 227 AD3d at 1338; Matter of Seck v Quick Trak, 158 AD3d at 921).
Garry, P.J[*2]., Aarons, Pritzker and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.